UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FOCUS HEALTH GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-CV-452-TRM-HBG ) |
| NANCY STAMPS, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Quash Third-Party Subpoena to Woodfield Distribution LLC [Doc. 46], filed on December 18, 2020. Plaintiff filed a Response [Doc. 47] on December 24, 2020, and Defendant subsequently filed a Reply [Doc. 48] on December 27, 2020. The Court held a telephonic motion hearing on December 28, 2020. Attorney Alan Hall appeared on behalf of Plaintiff, while Attorneys Jonathan Corwin and Joseph Alan Jackson, II appeared on behalf of Defendant. Accordingly, Defendant's Motion to Quash [Doc. 46] will be **GRANTED**.

### I. POSITIONS OF THE PARTIES

Defendant moves [Doc. 46], pursuant to Federal Rules of Civil Procedure 16, 26, and 45, to quash the subpoena served on Woodfield Distribution, LLC ("the Woodfield subpoena") [Doc. 46-1] on or about December 15, 2020. Defendant contends that the Woodfield subpoena is subject to the Court's scheduling order, as well as that it is untimely as it was served after the expiration of the applicable discovery deadline. Additionally, Defendant maintains that Plaintiff cannot show

good cause or excusable neglect for failing to serve the subpoena or seek additional time to do so prior to the expiration of the discovery deadline.

Plaintiff responds [Doc. 47] that Defendant does not have standing to challenge the subpoena issued to Woodfield, a non-party, and thus the Court should deny Defendant's motion. Plaintiff asserts that Defendant's argument is based on conclusory statements that the Woodfield subpoena is irrelevant or would include confidential information. Moreover, Plaintiff claims that the Woodfield subpoena seeks production of documents responsive to Plaintiff's discovery requests, and thus Plaintiff has established good cause to modify the scheduling order.

Defendant replies [Doc. 48] that Plaintiff served the Woodfield subpoena outside of the authorized period for discovery in the Court's amended scheduling order, did not comply with Federal Rule of Civil Procedure 45(a)(4), did not seek leave from the Court for this untimely discovery request, and currently seeks documents that are not relevant to its claims. Defendant further maintains that she has standing to challenge the Woodfield subpoena under Federal Rule of Procedure 26(c), as well as that she has a personal interest in the documents sought. Lastly, Defendant again claims that Plaintiff has failed to demonstrate good cause or excusable neglect sufficient to warrant the reopening of the discovery deadline.

## II.     ANALYSIS

For background, the Court's initial Scheduling Order [Doc. 27] provided that all discovery was to be completed by August 14, 2020. The Court later entered an Amended Scheduling Order [Doc. 39], granting the parties' joint motion, and extending the discovery deadline until October 14, 2020. Next, the Court granted [Doc. 42] the parties' second joint motion and extended the discovery deadline until November 29, 2020. On December 9, 2020, the parties filed a Joint Motion for Extension of Dispositive Motion Deadline [Doc. 44], which did not request additional

2
Case 3:19-cv-00452-TRM-HBG   Document 50   Filed 12/30/20   Page 2 of 7   PageID #: 379

time to conduct discovery,[1] and was subsequently granted by the Court, which ordered that dispositive motions be filed on or before January 15, 2021. [Doc. 45 at 1].

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Specifically, Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Diamond Resorts Int'l, Inc. v. Phillips*, No. 3:17-CV-01124, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018) (quoting 9A Charles Alan Wright and Arthur R. Miller, et al., *Federal Practice and Procedure* § 2549 (3d ed.)); *see also White Mule Co. v. ATC Leasing Co., LLC*, No. 3:07-cv-057, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008) ("In the absence of a claim of privilege, propriety interest, or personal interest, a party has no standing to quash a subpoena directed at a non-party.") (internal citations omitted). However, "where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf." *Diamond Resorts*, 2018 WL 4328257 at *2; *see, e.g.*, *Callidus Capital Corp. v. FCA Grp.*, No. 14-10484, 2018 WL 1556231, at *3 (E.D. Mich. Mar. 30, 2018) ("Therefore, this court must consider whether the subpoenas' requests are 'overly broad or seek[ ] irrelevant information under the same standards set forth in Rule 26(b)

---

[1] Plaintiff notes that defense counsel sent an email to Plaintiff's counsel on November 30, 2020, suggesting that the discovery deadline be moved until the end of December 2020, as well as that the dispositive motion deadline be reset to January 2021. [Doc. 47 at 2].

3

and as applied to Rule 34 requests for production.'") (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

The Court notes that Defendant has cited numerous cases finding standing in analogous circumstances. *See* [Doc. 48 at 2–5, 10–12]. Ultimately, Defendant has standing to contest the subpoena under Rule 26(c) due to its untimeliness and has further asserted confidential business interests in the documents requested in the Woodfield subpoena. *See, e.g.*, *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. CV 18-1060-JWD-RLB, 2019 WL 9899276, at *3 (M.D. La. Dec. 10, 2019) (granting plaintiff's motion for a protective order under Rule 26(c) on the basis that the discovery sought pursuant to the defendant's Rule 45 subpoena on a non-party was untimely); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-02255-L, 2018 WL 10391736, at *1 (N.D. Tex. Dec. 17, 2018) ("Accordingly, the Nelson [non-party] subpoena is untimely, and Freehold is entitled to a protective order prohibiting Plaintiff from enforcing the subpoena."); *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19-DAB, 2014 WL 12625079, at *3 (M.D. Fla. May 13, 2014) (finding where "[t]he subpoenas here were served well past the discovery deadline and are therefore untimely," the plaintiff had standing to move to enforce the Court's orders and rules); *Quillen v. Easton Sports, Inc.*, No. 3:03-CV-151, 2006 WL 1129384, at *1 (E.D. Tenn. Apr. 26, 2006) (granting the defendant's motion to quash an untimely subpoena issued to a non-party, as "the Court finds that the plaintiff's subpoena was not timely filed, and therefore, the subpoena should be quashed"). Additionally, "[r]egardless of [Defendant's] standing to file her motion, this Court has the inherent power to quash an untimely subpoena." *Dziadek v. Charter Oak Fire Ins. Co.*, No. 4:11-CV-04134-RAL, 2016 WL 1643825, at *2 (D.S.D. Apr. 22, 2016) (collecting cases).

On December 15, 2020, Plaintiff's counsel served the Woodfield subpoena and informed defense counsel that the subpoena had been served. Subpoenas issued pursued to Rule 45 are subject to the Court's scheduling orders. *See, e.g.*, *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10-CV-083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) ("[A] subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order."), *cited in Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018); *see also Olmstead v. Fentress Cty., Tenn.*, No. 16-cv-0046, 2018 WL 6198428, at *3 (M.D. Tenn. Nov. 28, 2018) ("Courts in this circuit have held that subpoenas are discovery devices that are subject to the discovery deadlines in a scheduling order."). Therefore, it is undisputed that the Woodfield subpoena was not timely under the Court's Amended Scheduling Order and extension of the discovery deadline.

"Indeed, Rule 45(d)(3), in relevant part, provides that the court for the district where compliance is required 'must quash or modify a subpoena' that 'fails to allow a reasonable time to comply.'" *Donald J. Ulrich Assocs., Inc. v. Bill Forge Private Ltd.*, No. 17-cv-10174, 2018 WL 6061083, at *2 (E.D. Mich. Nov. 20, 2018) (quoting Fed. R. Civ. P. 45(d)(3)). Accordingly, "[c]ourts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline." *Papanek*, 309 F. Supp. 3d at 514.

Defendant cites to several cases where motions to quash or for a protective order revolving around an untimely third-party subpoena are granted without an extensive Rule 16 analysis. *See, e.g.*, *E.E.O.C. v. Am. Med. Response*, No. 17-CV-2725-MSN-TMP, 2019 WL 396805, at *3 (W.D. Tenn. Jan. 2, 2019) ("Therefore, AMR's Rule 45 subpoenas . . . are untimely [and] [a]ccordingly, the EEOC's motion to quash the subpoenas is granted."); *Papanek*, 309 F. Supp. 3d at 514.

However, even considering a potential request to modify the Court's scheduling order, Plaintiff has not demonstrated diligence in attempting to meet the discovery deadline in this case, nor has it shown excusable neglect, so as to justify the reopening of the discovery deadline under either Rule 6 or Rule 16.

Federal Rule of Civil Procedure 16 states, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Additionally, "[w]here, as here, a party seeks to extend a deadline after it has passed, Rule 6(b)(1)(B) requires a showing of both 'good cause' and 'excusable neglect' for failing to act before the deadline passed." *Camps v. Gore Capital, LLC*, No. 3:17-CV-01039, 2020 WL 7337300, at *2 (M.D. Tenn. Dec. 14, 2020) (quoting Fed. R. Civ. P. 6(b)(1)(B)).

"To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). "For this issue, there are five factors to consider: '(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests.'" *Id.* (internal citations omitted).

The Court cannot find that Plaintiff was diligent in complying with the Court's discovery deadline. Plaintiff claims that the contract requested in the Woodfield subpoena should have been produced in response to Requests to Production served on Defendant on or about July 15, 2020, and that the need for the contract became evident after Defendant's deposition on November 23, 2020. However, Plaintiff failed to challenge Defendant's objections to the discovery requests.

6

The parties were aware of the applicable discovery period in this case, and they recently moved for an extension of the dispositive motion deadline, without seeking to extend the discovery deadline. Plaintiff has not offered any explanation for its failure to move for an extension before the discovery deadline—which was amended several times—passed. Further, the Court notes that there is no motion requesting such an extension before the Court.

Defendant will also be unfairly prejudiced by the reopening of the discovery period due to the impending deadline for the filing of dispositive motions. Therefore, the Court finds that Plaintiff has not established good cause to extend the discovery deadline in this case. Moreover, Plaintiff's "failure to show good cause makes it impossible to satisfy the standard under Rule 6," which also requires excusable neglect. *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2018 WL 1248159, at *7 (E.D. Tenn. Mar. 9, 2018).

### III.  CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motion to Quash Third-Party Subpoena to Woodfield Distribution LLC [**Doc. 46**] is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge